## 31263. SUTTON v. THE STATE.

JORDAN, Justice.

James Sutton appeals from his conviction of murder and attempt to commit armed robbery, and the concurrent sentences imposed of life imprisonment and ten years.

The appellant and four other persons were charged with the murder of Rudine Baugh. The homicide occurred during an attempted robbery of a gambling house. The victim tried to leave the house and was shot by one of the persons (not the appellant) attempting to commit robbery. The appellant was identified as one of the participants in the attempted robbery by four of the people in the gambling house.

1. The first enumerated error is that the appellant was "denied effective assistance of counsel at the preliminary hearing by Officer Sellers' refusal to supply appellant's counsel with the known names of state's witnesses upon request, although such witnesses were present during the preliminary hearing, thereby effectively preventing appellant's counsel from calling such witnesses on appellant's behalf at such hearing for the purposes of discovering information favorable to appellant."

Although this enumerated error purports to complain of the denial of effective assistance of counsel, the effective assistance of counsel can not be measured by the action of a police officer in refusing to give information

to counsel.

The right guaranteed by the Constitution, Art. I, Sec. I, Par. V (Code Ann. § 2-105) to be furnished, on demand, with a list of witnesses on whose testimony the charge against the accused is founded, is the right, on demand, to be furnished by the district attorney's office, prior to arraignment, with the list of witnesses who will testify for the state on the trial. Code § 27-1403, as amended by Ga. L. 1966, pp. 430, 431. The appellant waived this right.

There is no right in an accused to have the list of witnesses who will testify on the trial prior to the preliminary hearing, and there is no merit in this enumerated error.

2. The second enumerated error is: "The State failed to prove a conspiracy between State's witness, James Moore, and other co-indictees before admission of Moore's testimony over objection." The appellant argues that Code § 38-306 does not authorize declarations of co-conspirators until the fact of the conspiracy shall be proved.

The objection made to this testimony at the trial was on another ground, but we point out that it is the *declarations* of co-conspirators related by another witness (as an exception to the hearsay rule) that are dealt with in Code § 38-306, and not the direct testimony of an alleged co-conspirator on the trial.

3. Enumerated error three complains of the allowance of the testimony of James Moore, a rebuttal witness for the state, over the objection that the testimony was not in rebuttal of the appellant's defense of alibi. It is contended that this testimony was within the knowledge of the prosecution during the trial of the case and was held back as a prosecution trick.

There was no abuse of the discretion of the trial judge in allowing the testimony of Moore as a rebuttal witness. *Woodward v. State,* 197 Ga. 60, 69 (28 SE2d 480) (1943).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 18, 1976 — DECIDED SEPTEMBER 7, 1976.

*Thomas E. Spraley,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Assistant Attorney General,* for appellee.