## S94A0612. ROWER v. THE STATE.

(443 SE2d 839)

CARLEY, Justice.

The state is seeking the death penalty against Curtis Alfonso Rower for a murder which took place in Cobb County, Georgia. We granted Rower's application for interim appeal pursuant to OCGA § 17-10-35.1.

1. Rower, an African-American, argues that the trial court erred in denying his motion to bar the state from seeking the death penalty against him on the ground that the death penalty is discriminatorily sought and imposed on the basis of race in Cobb County. In support of his motion, Rower offered statistical data purporting to show that the death penalty is more often sought and imposed against African-Americans than whites in Cobb County, even though African-Americans make up a minority of the county population.

However, in order to prevail, Rower

> must prove that the decisionmakers in *his* case acted with discriminatory purpose. He offers no evidence specific to his own case that would support an inference that racial considerations played a part [in the decision to seek the death penalty against him].

*McCleskey v. Kemp,* 481 U. S. 279, 292-293 (107 SC 1756, 95 LE2d 262) (1987). Because Rower failed to prove purposeful discrimination in his own case, the trial court did not err in denying his motion.

2. Rower maintains the trial court erred in denying his motion to bar the death penalty on the basis of the Cobb County District Attorney's alleged abuse of prosecutorial discretion in the use of plea bargaining. Rower argues he would have been able to establish this abuse had the trial court not quashed eight subpoenas issued to other district attorneys whose testimony allegedly would have shown that this case is indistinguishable from other cases in which the death penalty has not been sought.

The U. S. Constitution and Georgia law authorized the Cobb County District Attorney to seek the death penalty for the acts alleged to have been committed by Rower in this case. *McCleskey,* supra at 297; OCGA § 17-10-30. Absent a showing that the district

attorney acted in an unconstitutional manner with respect to *his* case, Rower may not inquire into the prosecutor's exercise of discretion in seeking the death penalty against him. *Jones v. State,* 263 Ga. 904 (3) (440 SE2d 161) (1994); *McCleskey,* supra at 296-297, n. 18. Testimony from other district attorneys regarding the manner in which the death penalty is sought in their circuits, or the manner in which plea bargains are reached, would be insufficient to show that the Cobb County District Attorney acted in an unconstitutional manner in Rower's case.

3. Contrary to Rower's argument, OCGA § 17-10-16, authorizing a sentence of life without parole, is not unconstitutional for any of the reasons alleged. *Freeman v. State,* 264 Ga. 27 (440 SE2d 181) (1994).

4. Rower argues that the trial court erred in failing to dismiss his indictment due to racial discrimination in the selection of grand jury forepersons in Cobb County. We have examined his arguments and conclude that the trial court did not commit reversible error in denying the motion to dismiss. *Ingram v. State,* 253 Ga. 622 (1) (c) (323 SE2d 801) (1984). See generally *Spivey v. State,* 253 Ga. 187 (7) (b) (319 SE2d 420) (1984).

5. The trial court granted the state's demand for the names, addresses and written reports of Rower's expert witnesses. Rower maintains that the trial court's ruling, which relied on OCGA § 17-7-211 and *Sabel v. State,* 248 Ga. 10 (282 SE2d 61) (1981), is in error.

OCGA § 17-7-211 (b) provides, in part, that in every criminal trial,

> the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal.

The statute does not make specific reference to any right of the state to discover scientific reports in the possession of the defendant. However, in *Sabel,* supra, this court stated that

> in view of the right of a defendant in a criminal case to obtain copies of scientific reports [pursuant to OCGA § 17-7-211], we find that requiring the report of the defendant's expert to be reduced to writing and made available to the state will further the search for the truth. If the defendant does not call the expert as a witness, the state may call the defendant's expert without adding his or her name to the list of witnesses, or may argue to the jury that the defendant would have called the expert had the result of the testing been

favorable to the defendant.

We have noted that the rule set out in *Sabel* "is based on the reciprocal requirement placed on the state by OCGA § 17-7-211." *Blige v. State*, 263 Ga. 244, 245, n. 2 (430 SE2d 761) (1993).

Following the decision in *Sabel*, this court held in *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983), that the statute requires the state to produce only those scientific reports which are written, and does not require the state to reduce oral reports of scientific experts to writing and provide them to the defendant. Accord *Perry v. State*, 255 Ga. 490 (3) (339 SE2d 922) (1986). Further, under OCGA § 17-7-211, a defendant may discover only those written scientific reports which the state will introduce against the defendant at trial, and may not discover scientific reports which the state has in its possession, but does not intend to use. *Law*, supra, 251 Ga. at 527; *Sosebee v. State*, 190 Ga. App. 746, 750 (380 SE2d 464) (1989).

Thus, the discovery rights granted to the state under *Sabel* are not reciprocal, but are, in fact, greater than the statutory discovery rights granted to the defendant by OCGA § 17-7-211.

While due process does not prevent a state from "experimenting with broad systems of discovery" in criminal cases, there must be "a balance of forces between the accused and his accuser." *Wardius v. Oregon*, 412 U. S. 470, 474 (93 SC 2208, 37 LE2d 82) (1973). We therefore hold that, with regard to scientific reports, the state is entitled to only those discovery rights specifically granted to the defendant by OCGA § 17-7-211. To the extent that *Sabel* conflicts with this holding, it is overruled.

The state may discover any written reports of Rower's experts which Rower intends to introduce at trial. *Law*, supra, 251 Ga. at 527. With regard to the state's right to call Rower's expert witnesses as its own, or to argue the inference arising from Rower's failure to call his own experts, see *Blige v. State*, 264 Ga. 166 (441 SE2d 752) (1994).

6. The trial court ordered a change of venue in this case pursuant to OCGA § 17-7-150 (a), but reserved ruling on whether the jury would be returned to Cobb County for trial as provided for by USCR 19.2 (B). We direct the trial court's attention to *Hardwick v. State*, 264 Ga. 161, 164 (442 SE2d 236) (1994), in which we held that USCR 19.2 (B) "is unenforceable, absent consent of the parties, because it is inconsistent with OCGA § 17-7-150 (a)."

7. We have examined the remaining claims raised by Rower and conclude that they are without merit.

*Judgment affirmed with direction. Hunt, C. J., Fletcher, Hunstein, Carley, Thompson, JJ., and Judge E. Purnell Davis concur. Benham, P. J., concurs in the judgment only. Sears-Collins, J., disqualified.*

DECIDED JUNE 6, 1994 —
RECONSIDERATION DENIED JULY 1, 1994.

*Marger & Moore, Edwin J. Marger, Spix, Krupp & Reece, Mark V. Spix, Kennedy & Kennedy, David M. Simpson, Bruce S. Harvey, Gordon E. Billheimer, Jr.,* for appellant.
*Thomas J. Charron, District Attorney, Jack E. Mallard, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.