## S95A1688. JOHNSON v. THE STATE.
### (463 SE2d 123)

CARLEY, Justice.

The state is seeking imposition of the death penalty against Charlie Edward Johnson for the murder of Lillian Hodges. Johnson was also indicted for burglary and theft by taking in connection with the murder. We granted Johnson's application for interim appeal pursuant to OCGA § 17-10-35.1 to consider whether an order of the trial court regarding discovery by the prosecution comports with *Rower v. State,* 264 Ga. 323 (5) (443 SE2d 839) (1994). We hold that it does not.

The trial court, relying upon *Sabel v. State,* 248 Ga. 10, 18 (282 SE2d 61) (1981), issued an order requiring Johnson to disclose the names and addresses of all experts whom he intends to call at trial and to have the opinions of all testifying experts reduced to writing

and supplied to the state no later than 45 days prior to trial, whether or not the reports will be offered into evidence. This order is overbroad and in clear violation of the rule articulated in *Rower*, 264 Ga. at 324-325, which overruled *Sabel* in part. See also *Perry v. State*, 255 Ga. 490 (3) (339 SE2d 922) (1986); *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983). Under *Rower*, because the state is not required to have the opinions of its experts reduced to writing nor to produce any reports except those it will introduce at trial, the state is entitled only to those existing, written scientific reports which the defense intends to introduce.

The state complains that the rule in *Rower* permits both defendants and the state to evade discovery of the opinions of their experts by instructing their experts to report all findings verbally. The state argues that requiring both parties to have the opinions of their experts reduced to writing will further the search for truth and avoid "trial by ambush." See *Sabel v. State*, 248 Ga. at 18. While it may be true that the rules of discovery presently permit or encourage undesirable tactics, it is for the General Assembly, not this Court, to evaluate and address this issue.

Because the trial court's order is erroneous to the extent that it requires the defense to reduce unwritten opinions to writing and to produce written reports which it does not intend to introduce at trial, we remand the case to the trial court with direction to modify the order to comport with *Rower*.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 6, 1995.

*John J. Ossick, Jr., Virginia J. Bryson,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Stephen D. Kelley, Assistant District Attorneys,* for appellee.