S95A1640. FIELDING v. THE STATE.
(463 SE2d 489)

HUNSTEIN, Justice.
The State is seeking imposition of the death penalty against Rob-

ert Eugene Fielding for the murder of Mary Stewart, an employee of the Department of Family & Children's Services in Augusta, Georgia, where Fielding worked as a maintenance supervisor.[1] We granted Fielding's application for interim appeal pursuant to OCGA § 17-10-35.1 to consider whether an order of the trial court regarding discovery by the prosecution comports with *Rower v. State*, 264 Ga. 323 (5) (443 SE2d 839) (1994). We hold that it does not.

The trial court, relying upon *Sabel v. State*, 248 Ga. 10, 18 (282 SE2d 61) (1981), issued an order requiring Fielding to have the opinions of all experts whom he intends to call at trial reduced to writing and to supply those opinions to the State at least ten days prior to trial. For the reasons set forth in our opinion in *Johnson v. State*, 265 Ga. 833 (463 SE2d 123) (1995), we hold that the trial court's order is overbroad and in clear violation of the rule articulated in *Rower*. Because the trial court's order is in error to the extent that it requires the defense to reduce unwritten opinions to writing and to produce written reports which it does not intend to introduce at trial, we remand the order to the trial court with direction to modify the order to comport with *Rower*.

*Judgment reversed and remanded. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I concur fully in the majority's opinion. I write separately to address the admissibility of the prior robbery and murder. Although the majority did not consider this a significant issue, I believe the trial court erred in determining that Fielding's shooting of a gas station attendant during a robbery 25 years ago is admissible and I would reverse on this issue as well.

The state's argument that the similarities between the present case and the prior murder are "chilling" and show "criminal signature" is utter nonsense. Even if the number of similarities were dispositive,[2] only prosecutorial overreaching can explain the state's claim that numerous significant similarities exist between these incidents. When Fielding was seventeen years old, he and three other youths robbed a secluded gas station in the middle of the night and Fielding shot the attendant. Having served 20 years in prison for that crime, Fielding was employed as supervisor of the cleaning crew at the DFACS office where the victim worked. The state's theory is that the victim was killed in some unknown manner at her office while working late and that her body was left in a trash dumpster outside the DFACS office. Committing a murder at the very place you are em-

---

[1] Fielding was also indicted for robbery in connection with the murder.

[2] *Farley v. State*, 265 Ga. 622, 624 (458 SE2d 643) (1995) (test of admissibility is not number of similarities between incidents).

ployed while others might be around is completely dissimilar to targeting a secluded gas station.

The state's "analysis" of the robbery aspects of the two crimes is also unpersuasive. Gas stations are targets of robbery because they are known to have cash on the premises and robbery was clearly the motive in the prior incident. The facts of this case, however, do not suggest that robbery was the primary motive. While jewelry the victim was wearing was taken, there is no evidence that the victim's car, cash, checkbook, or credit cards were taken.

The trial court must exclude evidence of an independent crime "unless the prejudice it creates is outweighed by its relevancy to the issues on trial."[3] Because the state's strained efforts to show similarity cannot withstand the bright light of logical analysis,[4] it is clear that whatever minimal probative value the prior crime has, it does not outweigh the prejudice to the defendant. The trial court should exclude this evidence in the trial of the case.

I am authorized to state that Justice Sears joins in this concurrence.

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 4, 1995.

*George B. Snelling, Jr., Elizabeth C. Calhoun,* for appellant.
*Daniel J. Craig, District Attorney, Barbara A. Smith, Assistant District Attorney,* for appellee.

---

[3] *Robinson v. State,* 246 Ga. 469, 470 (271 SE2d 786) (1980).
[4] See *Farley,* 265 Ga. at 627-628 (Fletcher, J., and Sears, J., concurring specially).