S95A1315. FREEMAN v. THE STATE.
(467 SE2d 515)

SEARS, Justice.

The appellant, Ronald Lupez Freeman, was convicted of the felony murder of Terri Wadell and of armed robbery. The trial court merged the conviction for armed robbery into the felony murder conviction and sentenced Freeman to life in prison.[1] Freeman has filed

---

[1] The crimes occurred on January 24, 1992, and Freeman was indicted on December 3, 1992. As the state sought the death penalty, the case was subject to interim review. On May 11, 1993, this Court denied one application for interim review. We later granted another application for interim review, and on February 28, 1993, issued our opinion. See *Freeman v. State*, 264 Ga. 27 (440 SE2d 181) (1994). Freeman was convicted on May 28, 1994. The jury recommended a life sentence, and the trial court sentenced Freeman to life in prison on May

this appeal. We affirm.

On the night of January 24, 1992, Wadell took her four-year-old daughter to work with her at a Circle K convenience store on Six Flags Road. The last cash register transaction of the night occurred at about 9:30 p.m. Shortly thereafter, Wadell was shot and killed by a man that her daughter could describe only as a "black male." The daughter ran to a neighboring apartment complex for help. Two ballistics experts testified that the bullet that killed Wadell had probably been fired from a chrome .38 caliber gun found in Freeman's possession. Further, the state introduced evidence that Freeman had committed two similar crimes, one at a Burger King four days before this crime and one at an RK Food Store about two months after this crime.[2] In both of those crimes, store clerks were killed, and ballistics experts testified that bullets recovered from the crime scenes either were fired or had probably been fired from Freeman's gun. Freeman's co-defendant in the Burger King crime testified that Freeman told him that he had committed the murder at the Circle K store by walking into the store while Wadell and her daughter were talking, by choosing a drink and placing it on the counter, and by shooting the victim after she rang up the drink and opened the cash register. That same witness also testified that in his presence Freeman told a friend, Manu El-fatin, that he had already committed two robberies, that he wanted El-fatin to start driving on some robberies, and that he (Freeman) told El-fatin that "I don't get caught because I don't leave witnesses."

El-fatin testified that shortly after the Circle K murder he was at Freeman's house and saw a chrome pistol sitting on a table. El-fatin testified that Freeman told him that he had used the pistol to rob a Circle K store, that a woman and her daughter were there, and that he had "shot the bitch."

Another witness testified that he had overheard Freeman tell his brother that he (Freeman) had "fucked up," that he "and some guy robbed a Burger King," and that he "shot someone at Six Flags, Circle K."

1. Freeman contends that the evidence is insufficient to support his conviction for felony murder. We conclude, however, that the evidence is sufficient to satisfy the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

---

28. Freeman filed a motion for out-of-time appeal on March 6, 1995. The trial court granted that motion on March 30, 1995, and Freeman filed his notice of appeal on April 26, 1995. The appeal was docketed in this Court on May 11, 1995, and was submitted for decision on briefs in September 1995.

[2] In an interim appeal in this case, we held that evidence of these extrinsic crimes was admissible in this prosecution of Freeman. See *Freeman v. State*, 264 Ga. at (1).

2. We have examined Freeman's remaining enumerations of error, and with regard to his contention that, under *Rower v. State*, 264 Ga. 323 (5) (443 SE2d 839) (1994), the trial court erred in requiring him to reduce the report of his ballistics expert to writing and to provide it to the state, we conclude that any possible error was harmless. With regard to Freeman's other enumerations, we conclude that they present no error.[3]

*Judgment affirmed. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

I agree with the majority that the trial court did not commit reversible error in failing to charge the jury on the standard of proof by which it was to evaluate evidence of two prior robberies by Freeman. The time has come, however, for this Court to establish an appropriate standard of proof for evaluating such evidence.

Courts of this state should not admit evidence of a defendant's extrinsic act on some slim reed of evidence that the defendant might have been the perpetrator of that act. Rather, the trial court should instruct the jury that it may not consider a defendant's prior offenses for any limited purpose unless it first finds by clear and convincing evidence that the defendant was the perpetrator of the prior act. This is the standard applied by the majority of states.[4] This relatively high standard of proof is appropriate "because of the questionable relevance of other crimes evidence and its devastating effect on a defendant's case."[5]

DECIDED FEBRUARY 12, 1996 —
RECONSIDERATION DENIED MARCH 11, 1996.

*Antoinette D. Johnson*, for appellant.
*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General*, for appellee.

---

[3] In his remaining enumerations of error, Freeman contends that the trial court erred in its charge to the jury concerning the standard of proof to apply to extrinsic crimes evidence, and that the trial court erred in denying his *Batson* challenges.

[4] Edward J. Imwinkelried, *Uncharged Misconduct Evidence*, § 2.08 (1992 & Supp. 1993).

[5] *Williams v. State*, 251 Ga. 749, 816-817 (312 SE2d 40) (1983) (Smith, J., dissenting).