## A97A1416. HODGES v. THE STATE.
(494 SE2d 223)

SMITH, Judge.

Terrell A. Hodges and a codefendant, Eddie Lee Pickett, were indicted by a Fulton County grand jury on charges of murder, robbery, felony murder, and aggravated assault. The jury convicted both Hodges and Pickett of aggravated assault but acquitted them of all remaining charges.[1] Hodges appeals from the judgment of conviction and sentence, asserting error in the limitation of his cross-examination of a witness and in the admission of an unredacted portion of Pickett's statement in violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). We affirm.

1. Russell, an eyewitness to the fatal beating inflicted on the victim, testified on behalf of the prosecution and implicated Hodges and his codefendant. Hodges sought to impeach Russell by proof of his prior conviction for armed robbery and was allowed to introduce a certified copy of Russell's conviction for that purpose. But Hodges also asserts that he should have been allowed to go into the underlying details of the armed robbery offense for impeachment purposes. We disagree.

Once a witness is impeached by tendering certified copies of a previous conviction for a crime involving moral turpitude, counsel may not go further by attempting to elicit details of the underlying offenses and thus "bolster" the impeachment evidence. "Inasmuch as the witness had already been impeached, and [he] did not attempt to rehabilitate [his] character by explaining the circumstances of [his] convictions (cit.), the facts surrounding the . . . conviction should have been excluded. [Cits.]" *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994).

Hodges relies upon *Henderson v. State*, 255 Ga. 687 (341 SE2d 439) (1986), and *Walker v. State*, 260 Ga. 737 (399 SE2d 199) (1991) for the proposition that further cross-examination on Russell's conviction should have been permitted. But in *Henderson*, the appellant's sole defense was that the State's witness committed the crime for which he was on trial. The defendant contended that the witness murdered the victim in order to prevent her from reporting the witness's "illegal drug activities." *Henderson*, supra at 689 (1). The Supreme Court held that Henderson should have been allowed to introduce evidence that the witness was " 'in the business of selling cocaine' " because it tended to corroborate his sole defense and thus exonerate him. Id. Similarly, in *Walker* the defendant sought to introduce evidence that another individual had confessed to the same

---

[1] The trial court directed a verdict of acquittal in favor of Pickett on the robbery charge.

crime. *Walker*, supra at 738.

But in both those cases, "there was direct evidence of the other person's involvement in the crime: in *Walker*, a confession by the other person, later recanted; and in *Henderson*, the defendant's testimony that the other person committed the crime." *Guess v. State*, 264 Ga. 335, 337 (5) (443 SE2d 477) (1994). Hodges contended during pretrial motions that his sole defense would be that Russell committed the crime. At trial, however, Hodges acknowledged that he struck and kicked the victim, and the only testimony regarding Russell's participation was that Hodges was "not for sure" whether Russell ever struck or kicked the victim.

Moreover, *Henderson* and *Walker* involved attempts to show that the witness was guilty of the crime for which the defendant was on trial, not that he was guilty of other, wholly unrelated crimes. Hodges does not point to direct evidence that Russell committed *this* crime in his stead. He is simply contending that, because Russell denied his participation in an unrelated crime, he also could have lied in this case. *Henderson* and *Walker* are simply inapplicable here.

Hodges also contends that he should have been allowed to impeach Russell by showing a "similar transaction" under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). But *Williams* concerns only the introduction by the State of evidence of certain independent offenses or acts committed by a *defendant*, when those offenses are shown to be sufficiently similar to the offense for which the defendant is on trial.[2]

"Except as specifically allowed by law, evidence of a witness' conduct in other transactions, criminal or otherwise, having no logical connection with the subject matter of his testimony, is inadmissible." (Citations and punctuation omitted.) *Woods v. State*, 210 Ga. App. 172 (435 SE2d 464) (1993). Hodges has not provided any authority for the application of *Williams* to this case, and we have found none.

Hodges also contends that he should have been permitted to introduce the details of Russell's armed robbery under the authority of *Smith v. State*, 259 Ga. 135, 137 (377 SE2d 158) (1989), which allows the defense to introduce evidence of prior false accusations of sexual misconduct by the victim in a sex crime case. *Smith* also is inapplicable; Hodges was not charged with any sexual offense. *Lowery v. State*, 209 Ga. App. 5, 7 (3) (432 SE2d 576) (1993). See also *Jones v. State*, 226 Ga. App. 420, 422 (1) (487 SE2d 56) (1997).

Nor has Hodges demonstrated a reasonable probability that

---

[2] Even if the holding in *Williams* were drastically expanded to apply to the cross-examination of a witness, we agree with the trial court that a sidewalk brawl culminating in a fatal beating has little if any similarity to a rooming house break-in and armed robbery by means of a pistol.

Russell has falsely accused others in the past. While the police report of the other incident shows that Russell initially denied involvement in the robbery, it does not demonstrate that he falsely accused others. The reports and witness statements point to the participation of all the accused individuals in the robbery, and Hodges failed to show that the men accused by Russell were exonerated. This completely fails to satisfy the requirements of *Smith*. See generally *Chambers v. State*, 213 Ga. App. 284, 285 (1) (b) (444 SE2d 833) (1994).

"The right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process." (Citations and punctuation omitted.) *Green v. State*, 221 Ga. App. 436, 437 (472 SE2d 1) (1996). Hodges's contentions go not to Russell's motive to commit the crime for which Hodges was tried, but purely to Russell's credibility and character. Moreover, he has shown no applicable exception to the well established rule that impeachment for conviction of a crime involving moral turpitude is limited to introduction of a certified copy of the conviction.

2. As the trial began, Pickett's counsel asked for and obtained a redaction of Hodges's statement implicating his client. Hodges's counsel then asked if the redaction of Pickett's statement implicating his client could be discussed, and the trial court stated that the matter would be taken up after jury selection. But when the trial court later asked if counsel had any motions, Hodges's counsel made several other motions but did not discuss redaction of Pickett's statement. During the State's evidence, a police officer began to read Pickett's statement: "I came out the door, and that's when I saw Terrell and another dude. Terrell was standing up over the dude, and the dude was on the ground." At this point, Hodges's counsel objected and moved for a mistrial. The trial court noted that no motion for redaction was ever made and denied the motion for mistrial.

Hodges's codefendant, Pickett, did not testify or present any evidence. Hodges's name accordingly should have been redacted from Pickett's statement under the rule established in *Bruton v. United States*, supra. "OCGA § 24-3-52 provides: 'The confession of one joint offender or conspirator made after the enterprise is ended shall be admissible only against himself.' Every defendant has the right under the Sixth Amendment to be confronted with the witnesses against him. *Bruton* . . . holds that the right of confrontation is violated when several co-defendants are all tried jointly, one defendant's confession is used to implicate another defendant in the crime, and the confessor does not take the stand. The result is that the accusing co-defendant cannot be cross-examined by the non-confessing co-defendant. [Cits.]" (Punctuation omitted.) *Sawyer v. State*, 217 Ga.

App. 406, 407-408 (457 SE2d 685) (1995). Even in the absence of a timely objection such a statement by a confessing co-defendant has no probative value. Id. at 408-409.

But the United States Supreme Court has also held that such error may be rendered harmless by the introduction of so-called "interlocking confessions." Id. at 408. "[T]here is no *Bruton* violation when the testimony presented in the co-defendant's confession is supported by the complaining defendant's own statement." (Citations and punctuation omitted.) *Kesler v. State*, 215 Ga. App. 553, 555 (1) (451 SE2d 496) (1994). To the extent that Pickett's statement incriminated Hodges by placing him at the scene of the crime "standing up over" the victim, it was simply duplicative of Hodges's own and far more incriminating admissions in his statement to the police and at trial that he struck and kicked the victim, as well as his statements to several witnesses that he "didn't mean to kill him." Any error in the admission of Pickett's unredacted statement therefore was harmless.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 4, 1997 —
RECONSIDERATION DENIED NOVEMBER 19, 1997.

*August F. Siemon III*, for appellant.
*Paul L. Howard, Jr., District Attorney, Paul J. Coburn, Gina C. Marshall, Assistant District Attorneys*, for appellee.