## S99A0099. THE STATE v. LUCIOUS.
### (518 SE2d 677)

HUNSTEIN, Justice.

The State is seeking imposition of the death penalty against John R. Lucious for the murder of Mohammad A. Aftab in Clayton County. Lucious was indicted on charges of malice murder, two counts of felony murder, possession of a firearm during the commission of a felony, and misdemeanor possession of marijuana in connection with the alleged 1996 murder and armed robbery. During pretrial proceedings, the State refused to open its file except to the extent mandated by the Georgia and United States Constitutions because Lucious elected not to participate in Georgia's Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq. ("Act"). Lucious filed an omnibus motion seeking an order of the trial court declaring the Act unconstitutional. The trial court denied the motion but granted Lucious the unilateral right to discover specific material, including the State's trial witness list, scientific reports, and scientific work product.[1]

Pursuant to OCGA § 17-10-35.1, the Unified Appeal Procedure in capital felonies, the State filed an application to appeal asserting that Lucious was not entitled to the pretrial discovery information granted by the trial court because of his election not to participate in the Act. We granted the State's application to consider the constitutionality of Article 1 of the Act, authorizing reciprocal discovery in cases in which at least one felony offense is charged, and if constitutional, what items of information are discoverable to a defendant who elects not to apply the Act to his case.

1. Prior to passage of the Act, there was no comprehensive Georgia statute or rule of law which governed discovery in criminal cases.

---

[1] The trial court denied other discovery motions made by Lucious, including a motion to compel discovery of his custodial statements, a motion for all criminal records of State witnesses, and a motion to produce statements of witnesses.

Enacted in 1994, the Act:

> provide[s] for the comprehensive regulation of discovery and inspection in criminal cases; . . . provide[s] for conditions, limitations, and procedures with respect thereto; . . . provide[s] for disclosure of evidence by the prosecution and defendants; . . . repeal[s] conflicting laws; and for other purposes.

Ga. L. 1994, pp. 1895-1896. The Act, which applies only to those cases in which the defendant elects by written notice to have it apply, broadens discovery in felony cases by imposing corresponding discovery obligations upon both the defendant and the State. For example, the Act requires the State and the defendant to disclose, inter alia, the identities and addresses of all persons they intend to call as witnesses at trial, OCGA § 17-16-8, relevant written or recorded statements of all witnesses, OCGA §§ 17-16-4 (a) (1), 17-16-7, and scientific reports, physical or mental reports, and other evidence intended for use at trial or evidence obtained from or that belongs to the defendant regardless of whether the State intends to use such evidence at trial. OCGA § 17-16-4 (a), (b). The Act also codifies *Walraven v. State*, 250 Ga. 401 (297 SE2d 278) (1982), by providing for discovery of a custodial statement and the new requirement that witness statements be provided to the opposing party, OCGA § 17-16-7, as well as notice of an intent to offer an alibi defense and a list of witnesses to be offered to rebut the defense of alibi. See OCGA § 17-16-5 (a) and (b). These provisions reveal that the Act provides a comprehensive scheme of reciprocal discovery in criminal felony cases.

2. Although electing not to have the Act apply to his case, Lucious nevertheless filed several challenges to the constitutionality of the reciprocal discovery provisions of the Act which the trial court rejected. Finding no merit in Lucious' constitutional arguments, we affirm that part of the trial court's order.

(a) Lucious contends the Act's discovery provisions violate his right to due process under the United States and Georgia Constitutions. See U. S. Const., Amend. V; Ga. Const., Art. I, Sec. I, Par. I. We disagree. In *Wardius v. Oregon*, 412 U. S. 470, 476-477 (93 SC 2208, 37 LE2d 82) (1973), the Supreme Court held that under the due process clause a defendant cannot be compelled to disclose to the State evidence or witnesses to be offered in support of an alibi defense absent reciprocal discovery of the State's rebuttal witnesses.[2] The

---

[2] The Oregon notice-of-alibi statute in issue in *Wardius* was like OCGA § 17-16-5 (a) in that it required defendants to give written notice to the state of their intent to present alibi evidence and to produce a list of witnesses upon whom the defendant intended to rely for

*Wardius* Court reviewed its earlier decision in *Williams v. Florida*, 399 U. S. 78 (90 SC 1893, 26 LE2d 446) (1970), which upheld Florida's notice-of-alibi statute because such statute provided reciprocal discovery, and stated:

> [a]lthough the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded, [cit.], it does speak to the balance of forces between the accused and his accuser. [Cit.] The *Williams* Court was therefore careful to note that "Florida law provides for liberal discovery by the defendant against the State, and [Florida's] notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant." [Cit.] . . .

> We do not suggest that the Due Process Clause of its own force requires [a state] to adopt [reciprocal discovery] provisions. [Cits.] But we do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street.

*Wardius*, supra, 412 U. S. at 474-475 (footnote and paragraph indentation omitted).

The Court in *Wardius* thus articulated a due process requirement of reciprocity in criminal discovery statutes in the absence of a strong state interest to the contrary. This same requirement has been held to apply under the due process clause of the Georgia Constitution. See *Rower v. State*, 264 Ga. 323 (5) (443 SE2d 839) (1994) (to satisfy due process, discovery practices in criminal cases must provide a balance of forces between the defendant and the State). Applying this due process standard to the Act, we find that the Act furthers legitimate State interests by establishing a closely symmetrical scheme of discovery in criminal cases that maximizes the presentation of reliable evidence, minimizes the risk that a judgment will be predicated on incomplete or misleading evidence, and fosters fairness and efficiency in criminal proceedings. Because the Act provides for reciprocal discovery in criminal felony cases with any imbalance favoring the defendant, the Act does not violate the due process clause of the United States or Georgia Constitutions. See *Wardius*, supra.

(b) Nor do the Act's discovery provisions violate Lucious's right to

---

alibi evidence. *Wardius*, 412 U. S. at 472, fn. 3. In contrast to the Oregon statute, however, the Act imposes a reciprocal obligation upon the State to provide the defendant a list of witnesses upon whom the State intends to rely to rebut the alibi evidence. See OCGA § 17-16-5 (b).

confrontation. The right to confrontation is a "trial right," guaranteeing a defendant the ability to confront and question adverse witnesses at trial. See *Pennsylvania v. Ritchie*, 480 U. S. 39, 52-53 (107 SC 989, 94 LE2d 40) (1987); *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). As a trial right, it "does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony," *Ritchie*, supra, 480 U. S. at 53 (footnote omitted), and does not guarantee "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. [Cit.]" *Delaware v. Fensterer*, 474 U. S. 15, 20 (106 SC 292, 88 LE2d 15) (1985). Because the confrontation clause guarantees only the right to confront and cross-examine those individuals called to testify against a defendant at trial and the pretrial discovery provisions of the Act do not implicate or infringe upon such right, we find no merit to this argument.

3. Although not a question posed by this Court in granting the State's application, Lucious now argues that the Act's reciprocal discovery provisions violate his right to effective representation of counsel by denying him the benefit of defense counsel's judgment of whether and when to reveal aspects of his case to the State. See U. S. Const., Amend. VI; Ga. Const., Art. I, Sec. I, Par. XIV. The Act simply requires disclosure of witnesses and evidence a defendant intends to introduce at trial as part of a reciprocal discovery process. The United States Supreme Court has affirmed the right of states to experiment with systems of broad discovery designed to aid in the administration of justice and to enhance the fairness of the adversary system. *Wardius*, supra, 412 U. S. at 474. That the Act provides for discovery before trial rather than after a witness has testified is of no constitutional significance. See *United States v. Nobles*, 422 U. S. 225, 241 (95 SC 2160, 45 LE2d 141) (1975) ("[t]he Sixth Amendment does not confer the right to present testimony free from the legitimate demands of the adversarial system").

4. Because there is no general constitutional right to discovery in a criminal case, *Weatherford v. Bursey*, 429 U. S. 545, 559 (97 SC 837, 51 LE2d 30) (1977); *Bright v. State*, 265 Ga. 265 (6) (455 SE2d 37) (1995), the election not to invoke the discovery provisions of the Act necessarily entitles a defendant to only that discovery specifically afforded by the Georgia and United States Constitutions, statutory exceptions to the Act, and non-conflicting rules of court. This panoply of discovery rights exists separately from the Act and provides abundant discovery opportunities for all criminal defendants, including death penalty defendants, who elect not to have the Act apply to their case. We therefore find that the trial court erred in granting Lucious those discovery rights identified below which are not guaranteed under the United States or Georgia Constitutions or other-

wise provided for by statute or court rule.

(a) Specifically, the trial court erred by holding that a defendant who chooses not to participate in the Act is entitled to discover all of the State's scientific reports. In a broadly-worded order the trial court directed the State to produce its Georgia Bureau of Investigation "Crime Lab reports and any and all other scientific reports." A defendant's right to discover scientific reports is a procedural right derived from former OCGA § 17-7-211, *Rower*, supra, 264 Ga. at 323 (5), a statute expressly repealed by passage of the Act.[3] Procedural rights which flow from a repealed criminal discovery statute can be eliminated. See *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980) (legislation which invokes procedural or evidentiary changes may operate retrospectively). In order to obtain discovery of scientific reports, therefore, a defendant must elect to proceed under the provisions of the Act.

(b) For the same reasons, we find the trial court erred in holding that a defendant who chooses not to opt into the Act is entitled to discover all of the State's scientific work product. The trial court's order provides that the State must produce "any and all . . . memos, notes, graphs, computer print-outs,. photographs, and other data that the State's experts will rely on to support their testimony during direct examination." To the extent such information may be discoverable in felony criminal cases, its production is now governed by the Act and a defendant is entitled to this information only if he invokes the Act. Because the right to subpoena work product was derived from former OCGA § 17-7-211 and is not a substantive right apart from the discovery provisions of the Act, we hold that *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990) is overruled to the extent it allows a defendant to unilaterally obtain evidence of scientific work product.

(c) The trial court also erred in holding that Lucious was entitled to the witness list provided by Uniform Superior Court Rule 30.3. Rule 30.3 provides that upon request of defense counsel, the State shall furnish the addresses and telephone numbers of trial witnesses known to the State. The Legislature intended, in enacting the Act, to amend the criminal discovery procedures and to provide certain criminal defendants the opportunity to discover information well in excess of that mandated by either the United States or Georgia Constitutions, including the opportunity to receive from the State a continuing list of trial witnesses and related information. See OCGA §§ 17-16-3, 17-16-8. Under the Act, a defendant is entitled to a trial witness list and information concerning trial witnesses only if he

---

[3] The Legislature's express repeal of OCGA § 17-7-211 effectively supersedes the holding of *Sabel v. State*, 248 Ga. 10 (6) (282 SE2d 61) (1981), to the extent it is premised upon the existence of the former statute.

chooses to have the Act apply, thereby agreeing to the reciprocal discovery provisions of the Act. See OCGA §§ 17-16-3, 17-16-8. Because Rule 30.3 conflicts with OCGA §§ 17-16-3 and 17-16-8 in that it requires the State to furnish a trial witness list without imposing reciprocal discovery obligations upon the defendant, we find the Rule to be unenforceable. Rule 30.3 must yield to the substantive law contained in these statutes. See *Hardwick v. State*, 264 Ga. 161 (2) (442 SE2d 236) (1994).

Although Lucious did not choose to have the Act apply to his case and, therefore, is not entitled to a list of trial witnesses pursuant to Rule 30.3, Lucious remains entitled to a list of witnesses who appeared before the grand jury and upon whose testimony the charges against him are founded. See Ga. Const., Art. I, Sec. I, Par. XIV; *Evans v. State*, 222 Ga. 392 (2) (150 SE2d 240) (1966).

5. Finally, we find the Act is inapplicable to presentence hearings. Discovery in presentence hearings in both capital or non-capital cases remains governed by OCGA § 17-10-2, which was not among the various discovery statutes related to felony cases specifically repealed or amended by the enactment of the Act.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, concurring in part and dissenting in part.

Although I agree with the majority opinion's statement that the Criminal Procedure Discovery Act does not apply to presentence hearings, I believe the majority opinion's interpretation of the Act as the exclusive means of discovery in criminal cases has rendered the Act unconstitutional. Accordingly, I must dissent to all but Division 5 of the majority opinion.

"It is a fundamental principle of statutory construction that if possible a statute will be construed in such a way as to find it constitutional." *Garner v. Harrison*, 260 Ga. 866 (2) (400 SE2d 925) (1991). The majority opinion, however, has interpreted this Act in a way that makes it unconstitutional. The basic error in the majority opinion's approach is treating the statute as an exclusive discovery provision. Division 4 of the majority opinion holds that the passage of the Act limits defendants who do not elect to invoke its provisions to "only that discovery specifically afforded by the Georgia and United States Constitutions, statutory exceptions to the Act, and non-conflicting rules of court." That limitation makes plain that the majority opinion considers the legislature's enactment of a "comprehensive" discovery statute to be an "exclusive" discovery statute, but those words are not synonymous. "Exclusive" means "[s]ingle or independent; sole . . . [c]omplete; undivided," (American Heritage Dictionary, 2d College

Ed.), and the majority opinion treats the discovery statute as the single source of discovery rights, as a complete delineation of discovery rights. "Comprehensive," however, means "[i]ncluding . . . much; large in scope or content," (id.), which aptly describes the legislature's effort to craft a system of regulating discovery which would encompass much of the discovery available in criminal cases. But the Act does not purport anywhere in its own terms to be nearly so exclusive as the majority opinion would have it. I agree that defendants are entitled to all discovery which the courts have found to have constitutional footing, but the limitation to "statutory exceptions to the Act, and non-conflicting rules of court" is unwarranted by the Act's language. The Act repealed all statutes in conflict with it, but it does not necessarily follow that any statute that might require the provision of information to criminal defendants is in conflict with the Act. The majority's reading of the Act to have that effect violates the principle of statutory construction stated above and renders it unconstitutional.

The majority opinion contends that the Act, as construed therein, does not deny due process because it is reciprocal. I agree that the Act would not deny due process if, in the search for reciprocity, this Court had not thrown out all discovery not specifically made reciprocal. *Wardius v. Oregon*, 412 U. S. 470 (93 SC 2208, 37 LE2d 82) (1973), relied upon by the majority opinion, does not hold that discovery provisions must be reciprocal, but that statutes which require a defendant to disclose information without a reciprocal revelation by the State violate due process. The majority opinion has taken that holding, intended to foster a balance of forces, and expanded it to a holding of constitutional stature that undermines our legislature's attempt to balance those forces. That expansion is neither necessary nor true to the spirit of the case on which it relies.

The majority opinion also goes too far in its holding that the statute, as construed in the majority opinion, does not violate a defendant's right to confrontation. Without the benefit of citation, the majority opinion concludes that "the confrontation clause guarantees *only* the right to confront and cross-examine those individuals called to testify against a defendant at trial . . . ." (Emphasis in original.) Ignored in that analysis is the notion that the right to cross-examination, as guaranteed by OCGA § 24-9-64, may not be meaningful if not accompanied by some right to examine materials to be relied upon by a witness. See *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990).

Related to the majority opinion's incorrect diminution of the right of confrontation is the overruling of *Eason*, supra, in Division 4 (b) of the majority opinion. Contrary to the majority opinion's statement, the right to subpoena scientific work product was not derived

exclusively from a statute repealed by the Act. In *Eason*, this Court held that the right to subpoena scientific work product derived from the right to effective cross-examination, a right which this Court found to be based on Georgia statutes, not on federal law. Since the majority bases its limitation on discovery on the terms of the Act, and the Act did not repeal OCGA § 24-9-64, the statute on which the holding in *Eason* is based, there is no legal basis for overruling *Eason* or for holding that the passage of the Act impacted on the right of a criminal defendant to subpoena scientific work product on which the State's witnesses will rely. This limitation demonstrates the majority opinion's error in finding the Act's regulation of discovery to be exclusive rather than, as the legislature provided, comprehensive.

The majority opinion's rejection of the argument that the Act, as construed in the majority opinion, deprives criminal defendants of their right to effective counsel is contrary to the principle that one should not be forced to give up one right to secure another. See *Simmons v. United States*, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968). By treating the Act as exclusive rather than comprehensive, the majority opinion forces defendants who feel the need to obtain discovery to which they are entitled by constitution or statute to obtain it at the expense of the right to have counsel exercise unfettered judgment in how to present the defense and when to reveal the strategy of the defense. As the Supreme Court held in *United States v. Jackson*, 390 U. S. 570, 582 (88 SC 1209, 20 LE2d 138) (1968), "[t]he question is not whether the chilling effect is 'incidental' rather than intentional; the question is whether that effect is unnecessary and therefore excessive." That is exactly the error of the majority opinion: its chilling effect on the exercise of such rights as the right to counsel is unnecessary and, therefore, excessive.

Properly interpreted, this statute could survive constitutional scrutiny. By limiting the exclusionary effect of the Act to the statutes it repealed, and recognizing, as has Presiding Justice Fletcher in his dissent, that a broad range of discovery remains available to criminal defendants, this Court could uphold the statute and permit it to do the work the legislature intended in attempting to balance the forces at work in criminal litigation. Because the majority opinion has instead treated the reciprocal provisions of the Act as the exclusive means of discovery in criminal cases, thereby depriving defendants of valuable constitutional and statutory rights, I must respectfully dissent.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this opinion.

FLETCHER, Presiding Justice, concurring in part and dissenting in part.

Because the majority opinion interprets the discovery act as repealing by implication the defendant's right to the state's trial witness lists, scientific reports, and scientific work product, I dissent to division four.

1. The majority construes too narrowly the constitutional requirement that the defendant shall be furnished "a list of witnesses on whose testimony such charge is founded." In *Sutton v. State*,[4] we held that the constitutional right to be furnished a list of witnesses "is the right, on demand, to be furnished by the district attorney's office, prior to arraignment, with the list of witnesses who will testify for the state on the trial."

As a matter of due process and fundamental fairness, I would continue to interpret the constitutional provision as requiring the state to provide a list of its trial witnesses despite the repeal of the statute.[5] The requirement enables the defendant to prepare a defense by interviewing potential trial witnesses; it aids judicial economy by requiring defense counsel to investigate and interview the witnesses before trial, thus avoiding the need for a continuance; and it places no undue burden on the prosecutor, as shown by the attorney general office's practice of furnishing a list of potential trial witnesses in all criminal cases.

Even in the absence of a constitutional right, the better policy and practice is for prosecutors to furnish a list of potential trial witnesses to avoid unfair surprise and make trials more efficient. The discovery act repealed former OCGA § 17-7-110, which required disclosure of witness lists and the indictment, but reenacted that provision to apply in misdemeanor cases.[6] Because persons charged with less serious offenses are entitled to the names of trial witnesses, persons charged with felonies should receive the same information from the state.

2. The due process clause of the United States Constitution guarantees a defendant the right to an independent examination of critical evidence.[7] Depending on the case, this right may include the state's scientific reports and data on which its experts will rely at trial. Despite the majority's unsupported assertion, the repeal of OCGA § 17-7-211 cannot eliminate the defendant's due process right to scientific reports and work product when they are critical evidence. Any doubts about the importance of the evidence should weigh

---

[4] 237 Ga. 423 (228 SE2d 820) (1976).

[5] See *Loggins v. State*, 260 Ga. 1 (388 SE2d 675) (1990) (purpose of notice to defendant of similar transaction evidence is fundamental fairness).

[6] See OCGA § 17-16-21 (1997).

[7] See *Sabel v. State*, 248 Ga. 10, 17-18 (282 SE2d 61) (1981), overruled on other grounds in *Rower v. State*, 264 Ga. 323, 325 (443 SE2d 839) (1994).

in favor of disclosure towards the defendant.

3. Both the Georgia Attorney General and the Georgia Association of Criminal Defense Lawyers agree that a defendant preparing for trial is entitled to a significant amount of information under the United States Constitution and the Georgia Constitution, statutes, court rules, and court decisions. Specifically, they agree that a defendant is entitled to the following:

A. Exculpatory material as set forth in *Brady v. Maryland*.[8]
B. Evidence of an understanding, agreement, or promise of leniency under *Giglio v. United States*[9] and *Patillo v. State*.[10]
C. Evidence in aggravation that the state intends to rely on at presentence hearings and victim impact evidence under OCGA § 17-10-1.2 and *Livingston v. State*.[11]
D. Independent examination of critical evidence under the due process clause of the United States Constitution.[12]
E. Materials used by a witness to refresh memory as set forth in *Sterling v. State*[13] and *Johnson v. State*.[14]
F. Notice of state's intent to introduce evidence of similar transactions that do not involve prior difficulties between the defendant and victim under Uniform Superior Court Rule 31.3 and *Wall v. State*.[15]
G. Certain information from the Georgia Crime Information Center under OCGA § 35-3-34.
H. Notice of the state's intention to rebut evidence of specific acts of violence by the victim against third persons under *Chandler v. State*[16] and Uniform Superior Court Rule 31.6.
I. Pre-trial examination of known handwriting samples under OCGA § 24-7-7.
J. Disclosure of the name of an informant in certain circumstances under *Roviaro v. United States*[17] and *Wilson v. State*.[18]
K. Examination of any report prepared under OCGA § 17-4-20.1 about an act of family violence for which the defendant has been arrested.
L. Presentation of evidence at a court proceeding by way of a notice

---

[8] 373 U.S. 83 (83 SC 1194, 10 LE2d 215) (1963).
[9] 405 U.S. 150 (92 SC 763, 31 LE2d 104) (1972).
[10] 258 Ga. 255 (368 SE2d 493) (1988).
[11] 264 Ga. 402 (444 SE2d 748) (1994).
[12] See *Sabel*, 248 Ga. 17-18.
[13] 267 Ga. 209 (477 SE2d 807) (1996).
[14] 259 Ga. 403 (383 SE2d 118) (1989).
[15] 269 Ga. 506 (500 SE2d 904) (1998).
[16] 261 Ga. 402 (405 SE2d 669) (1991).
[17] 353 U.S. 53 (77 SC 623, 1 LE2d 639) (1957).
[18] 209 Ga. App. 436 (433 SE2d 703) (1993)

to produce, if the matter would be admissible and the defendant needs it for use as evidence on his own behalf.[19]

M. Access to records under the Open Records Act.[20]

These rights remain available despite a defendant's decision not to have the criminal discovery statute apply.

I am authorized to state that Chief Justice Benham and Justice Sears join in this dissent.

DECIDED JUNE 14, 1999 —
RECONSIDERATION DENIED JULY 30, 1999.

*Robert E. Keller*, District Attorney, *David B. Hornsby*, Assistant District Attorney, for appellant.

*Michael Mears, David J. Walker, Sr., Kenneth D. Driggs*, for appellee.

*John C. Pridgen*, District Attorney, Cordele Circuit, *Peter J. Skandalakis*, District Attorney, Coweta Circuit, *Thurbert E. Baker*, Attorney General, *Mary Beth Westmoreland*, Deputy Attorney General, *Joseph L. Chambers, Sr., John R. Martin, Donald F. Samuel*, amici curiae.

---

[19] See OCGA § 24-10-26; *Brown v. State*, 238 Ga. 98 (231 SE2d 65) (1976).
[20] OCGA § 50-18-70.