ANDREWS, Presiding Judge,
dissenting.
We are required to review the denial of Sharon Diane Gregg’s pretrial motion to compel compliance with a subpoena duces tecum “only for an abuse of discretion.” Lovell v. Ga. Trust Bank, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012). Because I conclude that the trial court did not abuse its discretion in denying Gregg’s pretrial motion to compel, I respectfully dissent.
1. First, the nature of the information Gregg seeks from the pharmacy is to challenge a witness’ credibility; it is not relevant to Gregg’s guilt or innocence. See Tuttle v. State, 232 Ga. App. 530, 532-533 (2) (d) (502 SE2d 355) (1998). Gregg failed, therefore, to *836 satisfy her initial burden to demonstrate relevance. See Bazemore v. State, 244 Ga. App. 460, 460 (1) (535 SE2d 830) (2000) (“When a motion to quash [a subpoena] is filed, the party serving the subpoena has the initial burden of showing the documents sought are relevant.”).
Gregg issued two subpoenas duces tecum to the pharmacy where she was formerly employed, the second of which sought
[documents listing any and all employees, both “on books” and “off books,” at Longley’s Pharmacy for the years 2009 and 2010; any and all full names and addresses of any individual paid as a taxed employee and any and all full names and addresses of any individual paid in cash.
As correctly noted by the majority, Gregg sought Internal Revenue Form 1099 records from 2009 and 2010 for current and former employees of the pharmacy: (1) to demonstrate “the volume of the amounts that were needed to pay the several cash-paid employees, in order to support the volume of cash from the register” used to conduct the pharmacy’s business; and (2) “to thoroughly cross examine the [pharmacy owner] to support the critical point of her only defense” in that she was instructed to take funds from the register for the operation of the pharmacy. What is apparent from Gregg’s argument, however, is that Gregg’s primary purpose in seeking tax records from the pharmacy is for the cross-examination of the owner of the pharmacy during trial. In that regard,
[t]he right to confrontation is a “trial right,” guaranteeing a defendant the ability to confront and question adverse witnesses at trial. As a trial right, it does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony, and does not guarantee cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.
(Citations and punctuation omitted). State v. Lucious, 271 Ga. 361, 364 (2) (b) (518 SE2d 677) (1999). See also OCGA § 24-6-611; Bazemore, 244 Ga. App. at 463. It follows that Gregg’s argument that quashing the subpoena impermissibly curtails her right of cross-examination is unavailing. See Tuttle, 232 Ga. App. at 532-533 (2) (d); Standridge v. State, 196 Ga. App. 697, 697-698 (2) (396 SE2d 804) (1990). As a result, there is no abuse of discretion.
*837 2. Second, the majority correctly observes that there is no generalized right of discovery in criminal cases. See Lucious, 271 Ga. at 364 (4); Castell v. State, 250 Ga. 776, 782 (2) (b) (301 SE2d 234) (1983); Plante v. State, 203 Ga. App. 33, 34 (1) (416 SE2d 316) (1992). See also Bazemore, 244 Ga. App. at 463 (1); Tuttle, 232 Ga. App. at 532-533 (2) (d). And yet, the majority inches toward such a right in this case.
While a defendant may take advantage of the reciprocal discovery procedures codified at OCGA § 17-16-1 et seq.,[1] the limited nature of discovery in criminal cases is confirmed by the statute, which permits discovery only of the defendant’s recorded statements, criminal history, scientific testing, and those tangible items which are “within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecution’s case-in-chief.” OCGA § 17-16-4 (a) (3) (A). And although OCGA § 17-16-1 et seq. does not foreclose a defendant’s right to “use means of discovery that are otherwise available to any party, such as the subpoena power,” see Walker v. State, 323 Ga. App. 558, 568 (2) (747 SE2d 51) (2013), rev’d on other grounds, State v. Walker, 295 Ga. 888 (764 SE2d 804) (2014), neither do the reciprocal discovery procedures trump the principle that “there is no generalized right of discovery in criminal cases.” See Lucious, 271 Ga. at 364 (4).
In this instance, as noted above, the information Gregg seeks is not relevant to whether she took certain money with the intention of depriving the pharmacy of the money. Moreover, the information is not included within the scope of OCGA § 17-16-1 et seq.[2] Compare Henderson v. State, 255 Ga. 687, 690 (3) (341 SE2d 439) (1986) (trial court erred in quashing defendant’s subpoena duces tecum to obtain bank records of alleged perpetrator, to demonstrate alleged perpetrator’s stream of income as a drug trafficker, where defendant claimed alleged perpetrator committed murder at issue); Buford v. State, 158 Ga. App. 763 (282 SE2d 134) (1981) (trial court erred in quashing defendant’s subpoena to federal agency for telephone records to substantiate claim he was an informant in lawful possession of *838 drugs).[3] Finally, Gregg could subpoena employees of the pharmacy as part of her defense at trial. What remains is Gregg’s attempt to subpoena tax records from the pharmacy which are neither relevant nor permitted by OCGA § 17-16-1 et seq. No such general discovery right exists under Georgia criminal procedure, see Lucious, 271 Ga. at 364 (4), and the trial court did not abuse its discretion by denying Gregg’s attempt to secure the tax information from the pharmacy.
Decided March 30, 2015
McCracken Poston, for appellant.
Herbert E. Franklin, Jr., District Attorney, Kay Baker, Assistant District Attorney, for appellee.
In sum, because it has not been shown that the information Gregg seeks is relevant or included within the discovery permitted by OCGA § 17-16-4, the trial court did not abuse its discretion in denying Gregg’s motion to compel and effectively quashing Gregg’s subpoena duces tecum. See Lucious, 271 Ga. at 364 (2) (b); Bazemore, 244 Ga. App. at 463; Tuttle, 232 Ga. App. at 532-533; Plante, 203 Ga. App. at 34 (1); Jones v. State, 135 Ga. App. 893, 895 (1) (219 SE2d 585) (1975). Therefore, I respectfully dissent.
I am authorized to state that Judge Boggs and Judge Branch join in this dissent.

 In this case, Gregg opted into the OCGA § 17-16-1 et seq. reciprocal discovery procedures.

 Because OCGA § 17-16-4 (a) (4) contemplates discovery of scientific testing and the like, cases upon which Gregg relies holding that a defendant may subpoena documents related to scientific testing are inapposite. See, e.g., OCGA § 40-6-392 (a) (4); Price v. State, 269 Ga. 222, 224 (2) (498 SE2d 262) (1998); Eason v. State, 260 Ga. 445, 446 (396 SE2d 492) (1990). Dean v. State, 267 Ga. 306, 307 (477 SE2d 573) (1996), cited by the majority, is likewise inapplicable (defendant permitted to subpoena results of urine test in prosecution for driving under the influence).

 In addition, see Hodges v. State, 229 Ga. App. 475, 476 (494 SE2d 223) (1997) (in both Henderson and Walker, supra, where trial courts erred in quashing subpoenas, “there was direct evidence of [another] person’s involvement in the crime”). Consistent with Hodges, those circumstances are not present in this case.