## A90A0904. POPE v. THE STATE.
(399 SE2d 552)

McMURRAY, Presiding Judge.

Defendant Pope appeals his conviction of the offenses of incest, aggravated sodomy, and child molestation. *Held*:

1. Defendant's first enumeration of error raises the sufficiency of the evidence. The State's evidence shows that while defendant was married to the victim's mother and prior to the victim reaching 14 years of age, the defendant touched the victim's breasts and vagina, performed oral sodomy upon the victim, required the victim to touch his penis and to perform acts of oral sodomy, and had sexual intercourse with the victim. The transcript reveals ample evidence from which any rational trier of fact could reasonably have found beyond a reasonable doubt that defendant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In preparation for trial, the State prepared a transcript of defendant's tape-recorded conversation with a detective with the sheriff's department. At trial, the transcript was read to the jury during the detective's testimony and was the subject of significant cross-examination of the detective. Over timely objection, the trial court permitted a copy of the transcript to go out with the jury for consideration during its deliberations. Sending the transcript out with the jury was error. *Walker v. State*, 215 Ga. 128, 129 (2) (109 SE2d 748);

*Royals v. State*, 208 Ga. 78, 79 (2) (65 SE2d 158); *Harris v. State*, 168 Ga. App. 458, 460 (5), 461 (309 SE2d 431). Compare *Stidem v. State*, 246 Ga. 637, 639 (3) (272 SE2d 338).

We reject the State's contention that sending the transcript out with the jury was proper under the ruling in *Proctor v. State*, 235 Ga. 720, 724 (221 SE2d 556). While the transcript contained certain statements of defendant concerning claims of mental problems and mitigating factors, and included a denial of the offense of incest, the transcript cannot reasonably be viewed as advantageous to defendant since it contains admissions of two of the three offenses charged.

3. Defendant contends that he was improperly denied access to certain confidential DFACS (Department of Family & Children's Services) and juvenile court records, which were contained in the prosecutor's files, and that the trial court failed to conduct a proper in camera inspection for exculpatory material. However, the record shows that in camera inspections were conducted of the records to which defendant refers and certain information was released to him. The record contains no showing of any abuse of the trial court's discretion under OCGA § 49-5-41 (a) (2) nor is defendant's burden to establish a *Brady* (*Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215)) violation satisfied. *Cromer v. State*, 253 Ga. 352, 358, (6) (320 SE2d 751); *Horne v. State*, 192 Ga. App. 528, 531 (385 SE2d 704); *Benford v. State*, 189 Ga. App. 761, 763 (377 SE2d 530); *Davidson v. State*, 183 Ga. App. 557, 559 (359 SE2d 372). These contentions are without merit.

4. There was no error in the trial court's denial of defendant's motion for a psychiatric examination of the victim by a qualified expert employed by defendant. *Rhodes v. State*, 193 Ga. App. 28, 29 (2) (386 SE2d 857).

5. Defendant's remaining enumerations of error will not be addressed individually since they raise issues which either lack a factual basis in the record, are rendered moot by reversal of the judgment, or are unlikely to recur upon the retrial of the case.

*Judgment reversed. Carley, C. J., and Sognier, J., concur.*

D̲ECIDED̲ N̲OVEMBER̲ 21, 1990 —
R̲EHEARING̲ D̲ENIED̲ D̲ECEMBER̲ 4, 1990 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.