A91A1794. GARCIA et al. v. ALLEN et al.
(414 SE2d 742)

Judge Arnold Shulman.

Appellant Garcia was charged in a multiple count indictment with practicing medicine without a license and unlawfully dispensing controlled substances and dangerous drugs. Shortly before trial his attorneys, who are his co-appellants herein, caused subpoenas duces tecum to be issued to a physician and to a pharmacist who were to be called as state's witnesses, the former to testify that the prescriptions at issue had not been written for legitimate medical purposes and the latter to testify that the defendant had been writing an unusually large number of prescriptions for controlled substances.

The subpoena issued to the physician directed him to bring to trial copies of his federal and state income tax returns for five specified years, the records of all patients for whom he had prescribed certain controlled drugs during the time period at issue in the indictment, documentation relating to his medical malpractice insurance policy, including premium notices and proof of payment of premiums, and any records relating to medical malpractice claims asserted against him since his admission to practice. The pharmacist was directed to produce at trial records for all customers to whom he had dispensed the types of drugs which Dr. Garcia was accused of unlawfully prescribing. Through separate counsel, each witness filed a motion to quash pursuant to OCGA § 24-10-22 (b).

Following a hearing, the trial court granted the motions to quash based on a determination that the subpoenas were unreasonable, oppressive, overly broad, and intended to harass and intimidate the witnesses. In addition, the court ordered Dr. Garcia and his attorneys to pay $500 in attorney fees to the two witnesses and their attorneys. The case is before us pursuant to our grant of the appellants' application for discretionary review of these awards. For purposes of this appeal, the appellants do not dispute the merits of the trial court's ruling that the subpoenas were unreasonable, oppressive, overly broad, and intended to harass and intimidate the witnesses. They contend, however, that no legal authority exists for the imposition of attorney fees in such a situation. With this contention, we must reluctantly agree.

The subpoenas were issued under the authority of OCGA § 24-10-22, which provides as follows: "(a) A subpoena may also command the person to whom it is directed to produce the books, papers, documents, or tangible things designated therein. (b) The court, upon

written motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may: (1) Quash or modify the subpoena if it is unreasonable and oppressive; or (2) Condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things." Notably absent from this statute is any provision for awarding attorney fees against the party seeking the subpoena in the event it is determined to be unreasonable and oppressive.

The appellees contend that the award was nevertheless authorized by OCGA § 9-15-14 (b), which authorizes the trial court to "assess reasonable and necessary attorney's fees and expenses of litigation *in any civil action* in any court of record if, upon the motion of any party or the court itself, it finds that . . . an attorney or party unnecessarily expanded the proceeding by . . . improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the 'Georgia Civil Practice Act.' " (Emphasis supplied.) However, the proceedings below were obviously criminal in nature rather than civil; and the subpoenas were not, in any event, issued in connection with discovery procedures. Cf. *Cobb County v. Sevani*, 196 Ga. App. 247, 248 (395 SE2d 572) (1990). The only other authority offered by the appellees in support of the award is the following provision of the Open Records Act, OCGA § 50-18-70 et seq.: "In any action brought to enforce the provisions of this chapter, if the court shall determine that the action . . . was completely without merit as to law or fact, then the court shall award to the defendant attorney's fees and expenses of litigation reasonably incurred." OCGA § 50-18-73 (b). However, the issuance of the subpoenas at issue here clearly did not constitute an action brought to enforce the provisions of the Open Records Act.

While we are in utmost sympathy with the trial court's desire to compensate the appellees for their expenses in responding to what was perceived to be a gross abuse of legal process, we must regretfully hold that under current statutory law, the trial judge in a criminal case is not authorized to award such compensation in conjunction with an order quashing a subpoena duces tecum pursuant to OCGA § 24-10-22.

*Judgment reversed. Carley, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur but do not "reluctantly" or "regretfully" reach the conclusion drawn by the majority. The legislature in its wisdom deliberately confined redress for improper subpoenas to two remedies: complete quashing or at least modifying to legitimacy, and casting of the

expense of production by the requesting party. OCGA § 24-10-22 (b). This applied to both civil and criminal cases. It gave the court control over what otherwise might be unreasonable, oppressive, or overly expensive demands. The recipient had only to complain to the court, which was done in this case.

Of course, a cost is incurred when the subpoena recipient is forced to seek judicial redress, and the legislature took steps in 1986 to alleviate what it regarded as an unfair economic burden. It enacted OCGA § 9-15-14, which added the award of attorney fees as an additional method of redress, but it expressly limited this remedy to civil cases.

The limitation was not mere oversight. It reflected a weighing and balancing of competing interests and values in criminal cases. On the one hand is the time and trouble and expense of curtailing an unwarranted subpoena duces tecum, and on the other hand is the protected opportunity for a defendant who faces a possible conviction and imprisonment to marshal all relevant evidence. Obviously there will be at times a difference of opinion regarding what is relevant, and the legislature leaves it to the court to decide, without sanctioning the criminal defendant with the costs engendered by the dispute.

The right to competent counsel is jealously guarded by both the State and Federal Constitutions (Ga. Const. 1983, Art. I, Sec. I, Par. XIV; U. S. Const., Amend. VI), and that competency is not infrequently attacked for what counsel did not do in gathering evidence.

In addition to the values which caution against allowing attorney fees as a sanction for unjustified subpoenas duces tecum is the practical problem of the potential for assessment against an indigent defendant. Imposing them on the indigent defendant's court-appointed counsel would also be problematic. If it cannot realistically be imposed on such a person or his counsel, would it be fair to impose attorney fees on a non-indigent defendant or his retained counsel?[1]

To this consideration are added others, such as the constitutional and statutory rights to confrontation contained in OCGA § 24-9-64; Ga. Const. 1983, Art. I, Sec. I, Par. XIV; and U. S. Const., Amend. VI. A dispute over the legitimate reach of a subpoena duces tecum in a criminal case was resolved on this basis in favor of the defendant in *Eason v. State*, 260 Ga. 445 (396 SE2d 492) (1990).

A recognition of these countervailing factors leads me to the conclusion that the legislature's choice of policy was not unwise.

---

[1] In the instant case both the defendant and his retained counsel were individually charged.

Decided January 21, 1992.

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellants.

*Adams, Barfield & Dunaway, David B. Dunaway, Richard H. Bishoff*, for appellees.