## A91A1878. PLANTE v. THE STATE.
### (416 SE2d 316)

Judge Arnold Shulman.

The appellant was tried on a three-count indictment charging him with child molestation, incest, and sodomy. The alleged victim in each instance was his then 13-year-old stepdaughter. The jury found the appellant guilty of child molestation but acquitted him of the other two charges. He brings this appeal from the denial of his motion for new trial.

The conduct on which the child molestation count was based was alleged to have occurred "between the 1st day of November, 1987, and the 14th day of October, 1988, the exact dates unknown. . . ." The child testified that the appellant began having sexual relations with her in the fall of 1987 and that she thereafter reported to a church pastor and his wife that the appellant was touching and fondling her. This evidently led to her being placed in the custody of the Department of Family & Children Services. After living in a series of foster homes, she was admitted to Northwest Regional Hospital in November of 1988. She stayed there until August 15, 1989, when she was admitted to Hillside Psychiatric Hospital, in whose care she remained at the time of trial.

Prior to trial, the appellant caused a subpoena duces tecum to be issued to the Department of Family & Children Services (DFACS), calling upon it to produce at trial all records in its possession pertaining to the child. DFACS moved to quash the subpoena, and after conducting an in camera inspection of the requested materials, the trial court made some four pages of that agency's records available to the appellant. The appellant caused a similar subpoena duces tecum to be issued to Hillside Psychiatric Hospital, which also filed a motion to quash. The court summarily granted that motion in its entirety, without conducting an in camera inspection.

1. The appellant contends that the trial court erred in quashing the Hillside Psychiatric Hospital subpoena without first conducting

an in camera inspection of the requested records to determine whether they contained any information favorable to his defense. While the record before us does not contain an actual copy of the subpoena, it is apparent from the hospital's motion to quash that it called upon the custodian of that institution's medical records to produce at trial "a certified copy of any and all records, documents and papers or any other tangible things concerning the case and any and all treatment of [the victim]. . . ." It is thus clear that the purpose of the subpoena was not to obtain any specific item of evidence for introduction at trial but rather to enable the appellant to search through the hospital's records in hopes of obtaining information which might possibly impeach the child's credibility. In other words, the appellant sought to use the subpoena as an instrument of discovery. There is, however, no generalized right of discovery in criminal cases. See *Anderson v. State*, 258 Ga. 70 (4) (365 SE2d 421) (1988); *Boatright v. State*, 192 Ga. App. 112, 113 (385 SE2d 298) (1989).

"OCGA § 24-10-22 (b) (1) gives the trial court discretion upon timely motion to quash or modify . . . a subpoena [duces tecum] if it is 'unreasonable and oppressive.' This standard is tested by the peculiar facts arising from the subpoena itself and other proper sources. [Cits.]' [Cit.] '[N]o court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions at issue.' [Cit.]" *Washburn v. Sardi's Restaurants*, 191 Ga. App. 307, 310 (4) (381 SE2d 750) (1989). Cf. *Garcia v. Allen*, 202 Ga. App. 529 (414 SE2d 742) (1992). The need for specificity is particularly acute where, as here, the records sought by the subpoena necessarily would contain confidential and privileged communications. See generally OCGA § 24-9-21 (5). Because the Hillside subpoena sought such information yet was totally lacking in specificity, we hold that the trial court did not abuse its discretion in quashing it summarily, without undertaking an in camera review of the requested records.

2. The appellant contends that the trial court erred in failing to include in the record on appeal the DFACS records which it had reviewed in camera but had not made available to him, arguing that without these records, "this court has no way of determining whether the defendant was provided all exculpatory and material information as well as information which would reflect upon the credibility of the prosecutrix." Again, we find no error. Like the Hillside subpoena, the DFACS subpoena did not seek any specific item of evidence for introduction at trial but represented a transparent attempt at discovery. Assuming, for the purpose of argument, the DFACS was acting in a law enforcement capacity with respect to the present case and further assuming that the state was therefore obligated under *Brady v. Mary-*

*land,* 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), to disclose to the appellant all information contained in that agency's files which was materially exculpatory to him, we must conclude, in the absence of a contrary showing, that the trial court made all such information available to him following its in camera review. Accord *Pope v. State,* 197 Ga. App. 832, 833 (3) (399 SE2d 552) (1990). There is no requirement that the materials not disclosed to the defendant following such an in camera inspection be included in the record on appeal. See *Barnes v. State,* 157 Ga. App. 582, 589 (277 SE2d 916) (1981); *Bartlett v. State,* 196 Ga. App. 174 (1) (396 SE2d 31) (1990).

3. The appellant's third enumeration of error is deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2), due to the absence of any supporting argument or citation of authority. See *Moss v. State,* 196 Ga. App. 81 (5) (395 SE2d 363) (1990).

4. The trial court did not err in allowing an older stepdaugher of the appellant to testify concerning certain sexual conduct which he had engaged in with her while she was living in his home. This testimony was properly admitted as similar transaction evidence. Accord *Cox v. State,* 173 Ga. App. 422 (1) (326 SE2d 796) (1985).

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED JANUARY 31, 1992 —
RECONSIDERATION DENIED FEBRUARY 24, 1992.

*Mundy & Gammage, John M. Strain,* for appellant.
*William A. Foster III, District Attorney, George C. Turner, Jr., Assistant District Attorney,* for appellee.