## S96A1298. DEAN v. THE STATE.
(477 SE2d 573)

HUNSTEIN, Justice.

On December 10, 1994, Phillip L. Dean was arrested by the Lawrenceville police at a roadblock and charged with driving under the influence of marijuana. At the time of his arrest, Dean was on probation for forgery and was being supervised by the Gwinnett County probation office. As a special condition of probation, Dean was subject to random drug tests administered by the probation office. Such a test was administered approximately five days after Dean's DUI arrest, and his urine sample was tested for the presence of marijuana or its metabolites.

In January 1996, as the December 1994 charges against him came on for trial, Dean subpoenaed the probation office's records of the December 1994 urine test and filed a motion in limine to determine his right to use these records as evidence at trial. The trial court denied Dean's motion. We granted his application for an interlocutory appeal to determine whether the exemption from subpoena of probation records that is granted by OCGA § 42-8-40 must yield to a defendant's Sixth Amendment right to compulsory process.

OCGA § 42-8-40 provides that records of the state probation system are confidential and not subject to subpoena.[1] We have held this statute constitutional to the extent it denies a criminal defendant

---

[1] All reports, files, records, and papers of whatever kind relative to the state-wide probation system are declared to be confidential and shall be available only to the probation system officials and to the judge handling a particular case. They shall not be subject to process of subpoena. However, these records may be declassified

access to probation records for use in the sentence review process. *Mills v. State*, 244 Ga. 186 (259 SE2d 445) (1979) (construing former Code Ann. § 27-2720). Dean is being denied access to such records for use in a criminal trial, however, and "the allowance of the privilege to withhold evidence that is demonstrably relevant in a criminal trial would cut deeply into the guarantee of due process of law and gravely impair the basic function of the courts." *United States v. Nixon*, 418 U. S. 683, 712 (94 SC 3090, 41 LE2d 1039) (1974). See *Buford v. State*, 158 Ga. App. 763 (1) (282 SE2d 134) (1981) (holding that a federal regulation forbidding disclosure of departmental information must yield to a defendant's constitutional right to compulsory process).

The parties agree that the test results at issue are relevant to Dean's defense of the 1994 DUI charge. The State contends, however, that in order to gain access to the information he seeks, Dean was first required to pursue the record declassification procedure set forth in OCGA § 42-8-40 which gives discretionary authority to the Board of Corrections to disclose information contained in the probation records. (See fn. 1, supra.) We disagree.

The constitutional right to compulsory process includes the right to present all material evidence to establish a defense. *Chambers v. Mississippi*, 410 U. S. 284, 294 (93 SC 1038, 35 LE2d 297) (1973). Because the integrity of the judicial system depends upon disclosure of all of the facts, "it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." *United States v. Nixon*, supra, 418 U. S. at 709. In Dean's case, this includes the right to a copy of the results of his urine test in order to put forth his defense in his criminal trial. OCGA § 42-8-40, on the other hand, merely protects confidential probation records from unfettered public inspection by subjecting the files to disclosure at the direction and discretion of the Board of Corrections. Clearly, the statutorily created privilege protecting the confidentiality of probation records must, under these circumstances, yield to an accused's constitutional right to information which is material to his defense. Because the administrative process to obtain information contained in probation records fails to include any requirement for timeliness of production or the automatic right to material essential to a defense in a criminal proceeding, there is no merit to the position urged by the State that the procedures set forth in the statute provided Dean with an adequate means to obtain the confidential records.

---

by a majority vote of the [Board of Corrections] whenever the board deems it advisable.
OCGA § 42-8-40.

We hold, therefore, that under these circumstances, OCGA § 42-8-40 unconstitutionally limits a criminal defendant's constitutional right to compulsory process.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*Stephen F. Mackie,* for appellant.

*Gerald N. Blaney,* Solicitor, *Richard E. Thomas,* Assistant Solicitor, for appellee.