## S09A1650. SPENCER v. THE STATE.
### (689 SE2d 823)

THOMPSON, Justice.

Defendant Dwight Spencer was convicted of deposit account fraud pursuant to OCGA § 16-9-20. He appeals, pro se, and asserts, inter alia, that OCGA § 16-9-20 is unconstitutional because it does not contain an enacting clause on its face. Finding no error, we affirm.

1. Viewing the evidence in a light favorable to the verdict, as we are bound to do, we find the following: In November 2007, defendant hired Wallace, an electrical contractor, to install wiring in defendant's home. After completing the work, Wallace presented defendant with a bill for $3,394.73. Defendant wrote a check to Wallace for the full amount. Wallace presented the check to defendant's bank several times within 30 days, but it was not honored due to insufficient funds. The evidence is sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of deposit account fraud. *Holder v. State*, 242 Ga. App. 479 (529 SE2d 907) (2000); *Watson v. State*, 235 Ga. App. 381 (509 SE2d 87) (1998). Whether defendant knew his check would not be honored was a question for the jury, not this Court. See *Russell v. State*, 155 Ga. App. 555 (271 SE2d 689) (1980).

2. Defendant asserts the trial court failed to charge him formally with a crime at an arraignment. However, the record shows that defendant was arraigned on September 26, 2009; that defendant refused to enter a plea; and that the trial court entered a plea of "not guilty" on defendant's behalf.

3. Inasmuch as defendant was not indigent, he was not entitled to the services of the public defender. See OCGA § 17-12-1 et seq.

4. Defendant contends OCGA § 16-9-20 is unconstitutional and cannot be enforced because it does not contain an enacting clause on its face. However, the Official Code of Georgia included an enacting clause when it was adopted by the legislature. See OCGA § 1-1-1 et seq. Moreover, the statute itself includes an enacting clause. See, e.g., Ga. L. 1974, p. 705, § 1; Ga. L. 2003, p. 140, § 16.

5. Defendant was ordered to refrain from possessing a firearm as a condition of probation. This condition does not violate defendant's constitutional right to bear arms. See *District of Columbia v. Heller*, 554 U. S. 570 (128 SC 2783, 2817, 171 LE2d 637) (2008) ("longstanding prohibitions on the possession of firearms by felons" are not in doubt); *Landers v. State*, 250 Ga. 501, 503 (3) (299 SE2d 707) (1983) (statute criminalizing possession of firearm by convicted felon does not transgress state constitution's right to bear arms).

6. The trial court did not abuse its discretion in quashing subpoenas for Georgia's governor, attorney general and chief justice. Defendant did not show the relevance of their testimony. See generally *Plante v. State*, 203 Ga. App. 33 (416 SE2d 316) (1992).

7. The trial court did not err in ordering defendant to make restitution in the amount of $3,394.73. Contrary to defendant's assertion, the trial court was not required to specify whether the payment was to be made in gold or silver coins.

8. The trial court did not err by displaying fringed flags of the United States and state of Georgia during trial. The display of the flags would not have led anyone to believe that defendant was being tried in a military setting.

9. The remaining enumerations of error are without merit.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 8, 2010.

*Dwight Spencer*, for appellant.
*Leigh E. Patterson, District Attorney, John A. Tully, Harold W. Goldin, Jr., Assistant District Attorneys*, for appellee.