**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A2065. GREGG v. THE STATE.

McFADDEN, Judge.

We granted Sharon Diane Gregg's application for interlocutory appeal challenging an order entered by the Superior Court of Walker County denying her pretrial motion to compel concerning a subpoena duces tecum. Because the subpoena sought evidence relevant to Gregg's sole defense, the trial court erred in denying the motion and we therefore reverse.

A Walker County prosecuting attorney entered an accusation against Gregg for one count of theft by taking (OCGA § 16-8-2). The state alleged that Gregg, a pharmacy employee, repeatedly removed currency from the pharmacy's cash register for her personal benefit. Gregg contends that the owner of the pharmacy instructed her to remove funds from the cash register in order to pay visiting pharmacists and

to conduct other business of the pharmacy, including the purchase of employee lunches. As part of her defense, Gregg issued a subpoenas duces tecum that sought

> any and all federal and state tax records for [the pharmacy] indicating employees; FICA; copies of W-2's for all employees; 1099 forms for pharmacists and clerks; any and all papers for reconciliation of cash register accounting; lists of employees by salary, hourly and accounting of all cash disbursements for the payment of pharmacists and employees; [and] accounting for all cash not deposited or accounted for with federal and state tax authorities.

The state moved to quash this subpoena and the trial court held a hearing at which the production of Internal Revenue Form 1099 records was discussed. The trial court took the issue of the production of 1099 forms under advisement.

> Subsequently, Gregg issued another subpoena duces tecum that sought

> [d]ocuments listing any and all employees, both "on books" and "off books," at [the pharmacy] for the years 2009 and 2010; any and all full names and addresses of any individual paid as a taxed employee and any and all full names and addresses of any individual paid in cash.

Following a partial response to this subpoena, Gregg filed a motion to compel compliance with it. The trial court denied Gregg's motion.

In her sole enumeration of error, Gregg argues that the trial court erred in denying her motion to compel compliance with the subpoena duces tecum "for limited and specific federal tax records." In particular, Gregg seeks Internal Revenue Form 1099 records from 2009 and 2010 for current and former employees of the pharmacy to: (1) demonstrate "the volume of the amounts that were needed to pay the several cash-paid employees, in order to support the volume of cash from the register" used to conduct the pharmacy's business; and (2) "to thoroughly cross examine the [pharmacy owner] to support the critical point of her only defense" – that she was instructed to take funds from the register for the operation of the pharmacy.

"As a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion." *Lovell v. Ga. Trust Bank*, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012). We find such an abuse here.

There is no generalized right of discovery in criminal cases. See *State v. Lucious*, 271 Ga. 361, 364 (4) (518 SE2d 677) (1999). Through OCGA § 17-16-1 *et seq.*, Georgia codified procedures that "provide[ ] a comprehensive scheme of *reciprocal* discovery in criminal felony cases," id. at 362 (emphasis supplied) – in other words, procedures addressing discovery between the defendant and the state. The dissent would have those procedures also define the scope of discovery sought

3

through a subpoena duces tecum to a third party. "It does not follow, however, that a defendant who elects to have [the reciprocal discovery procedures] apply thereby waives the right to use means of discovery that are otherwise available to any party, such as the subpoena power." *Walker v. State*, 323 Ga. App. 558, 568 (2) (747 SE2d 51) (2013), rev'd on other grounds, *State v. Walker*, 295 Ga. 888 (764 SE2d 804) (2014). In such instance, the state "may move to quash the subpoena, as it did in this case." Id. The motion to quash serves to prevent a criminal defendant from using a subpoena duces tecum as an instrument of general discovery against a third party; it is the tool to stop the defendant using a subpoena to "search through the [third party's] records in hopes of obtaining information which might possibly impeach [a witness's] credibility." *Plante v. State*, 203 Ga. App. 33, 34 (1) (416 SE2d 316) (1992).

"When a motion to quash [a subpoena] is filed, the party serving the subpoena has the initial burden of showing the documents sought are relevant." *Bazemore v. State*, 244 Ga. App. 460 (1) (535 SE2d 830) (2000). Where the evidence sought in a subpoena duces tecum is demonstrably relevant and material to the defense, it is error for a trial court to quash the subpoena. See *Henderson v. State*, 255 Ga. 687, 689-690 (2) (341 SE2d 439) (1986); *Buford v. State*, 158 Ga. App. 736, 767 (1) (282 SE2d

4

134) (1981). See generally *Dean v. State*, 267 Ga. 306, 307 (477 SE2d 573) (1996) ("The constitutional right to compulsory process includes the right to present all material evidence to establish a defense.") (citation omitted).

Gregg met her burden of showing the relevance of the evidence sought in the subpoena. She demonstrated that she sought the documents not just for use in cross-examining the pharmacy owner, but also to prove the volume of cash that the pharmacy used to pay its cash-based employees. The fact that the pharmacy needed a certain amount of cash to pay its cash-paid employees directly pertains to Gregg's sole defense – her claim that she took cash out of the register at her employer's direction to pay those employees and other expenses. Evidence of the volume of cash used to pay those employees is relevant to that defense. See *Henderson*, 255 Ga. at 689 (1); see also OCGA § 24-4-401 ("'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). The trial court therefore erred in denying Gregg's motion to compel a response to her subpoena seeking this relevant evidence. *Henderson*, 255 Ga. at 689-690 (2).

*Judgment reversed. Barnes, P. J., Doyle, P. J., concur; Ray, J., concurs in the judgment only; Andrews, P. J., Boggs and Branch., JJ. dissent.*

5

A14A2065.  GREGG v. THE STATE.

ANDREWS, Presiding Judge, dissenting.

We are required to review the denial of Sharon Diane Gregg's pretrial motion to compel compliance with a subpoena duces tecum "only for an abuse of discretion." *Lovell v. Ga. Trust Bank*, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012). Because I conclude that the trial court did not abuse its discretion in denying Gregg's pretrial motion to compel, I respectfully dissent.

1. First, the nature of the information Gregg seeks from the pharmacy is to challenge a witness' credibility; it is not relevant to Gregg's guilt or innocence. See *Tuttle v. State*, 232 Ga. App. 530, 532-533 (2) (d) (502 SE2d 355) (1998).  Gregg failed, therefore, to satisfy her initial burden to demonstrate relevance.  See *Bazemore v. State*, 244 Ga. App. 460, 463 (1) (535 SE2d 830) (2000) ("When a motion to quash [a subpoena] is filed, the party serving the subpoena has the initial burden of showing the documents sought are relevant.").

Gregg issued two subpoenas duces tecum to the pharmacy where she was formerly employed, the second of which sought

> [d]ocuments listing any and all employees, both "on books" and "off books," at Longley's Pharmacy for the years 2009 and 2010; any and all full names and addresses of any individual paid as a taxed employee and any and all full names and addresses of any individual paid in cash.

As correctly noted by the majority, Gregg sought Internal Revenue Form 1099 records from 2009 and 2010 for current and former employees of the pharmacy to: (1) demonstrate "the volume of the amounts that were needed to pay the several cash-paid employees, in order to support the volume of cash from the register" used to conduct the pharmacy's business; and (2) "to thoroughly cross examine the [pharmacy owner] to support the critical point of her only defense" in that she was instructed to take funds from the register for the operation of the pharmacy. What is apparent from Gregg's argument, however, is that Gregg's primary purpose in seeking tax records from the pharmacy is for the cross-examination of the owner of the pharmacy during trial. In that regard,

> [t]he right to confrontation is a "trial right," guaranteeing a defendant the ability to confront and question adverse witnesses at trial. As a trial right, it does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable

testimony, and does not guarantee cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

(Punctuation and citations omitted). *State v. Lucious*, 271 Ga. 361, 364 (2) (b) (518 SE2d 677) (1999). See also OCGA § 24-6-611; *Bazemore*, 244 Ga. App. at 463. It follows that Gregg's argument that quashing the subpoena impermissibly curtails her right of cross-examination is unavailing. See *Tuttle*, 232 Ga. App. at 532-533 (2) (d); *Standridge v. State*, 196 Ga. App. 697, 697-698 (2) (396 SE2d 804) (1990). As a result, there is no abuse of discretion.

2. Second, the majority correctly observes that there is no generalized right of discovery in criminal cases. See *Lucious*, 271 Ga. at 364 (4); *Castel v. State*, 250 Ga. 776, 782 (2) (b) (301 SE2d 234) (1983); *Plante v. State*, 203 Ga. App. 33, 34 (1) (416 SE2d 316) (1992). See also *Bazemore*, 244 Ga. App. at 463 (1); *Tuttle*, 232 Ga. App. at 532-533 (2) (d). And yet, the majority inches toward such a right in this case.

While a defendant may take advantage of the reciprocal discovery procedures codified at OCGA § 17-16-1 *et seq.*,[1] the limited nature of discovery in criminal cases is confirmed by the statute, which permits discovery only of the defendant's recorded

---

[1] In this case, Gregg opted into the OCGA § 17-16-1 *et seq.* reciprocal discovery procedures.

3

statements, criminal history, scientific testing, and those tangible items which are "within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecutor's case-in-chief." OCGA § 17-16-4 (3) (A). And although OCGA § 17-16-1 *et seq*. does not foreclose a defendant's right to "use means of discovery that are otherwise available to any party, such as the subpoena power," see *Walker v. State*, 323 Ga. App. 558, 568 (2) (747 SE2d 51) (2013), rev'd on other grounds, *State v. Walker*, 295 Ga. 888 (764 SE2d 804) (2014), neither do the reciprocal discovery procedures trump the principle that "there is no generalized right of discovery in criminal cases." See *Lucious*, 271 Ga. at 364 (4).

In this instance, as noted above, the information Gregg seeks is not relevant to whether she took certain money with the intention of depriving the pharmacy of the money. Moreover, the information is not included within the scope of OCGA § 17-16-1 *et seq*.[2] Compare *Henderson v. State*, 255 Ga. 687, 690 (3) (341 SE2d 439)

---

[2] Because OCGA § 17-16-4 (a) (4) contemplates discovery of scientific testing and the like, cases upon which Gregg relies holding that a defendant may subpoena documents related to scientific testing are inapposite. See, e.g., OCGA § 40-6-392 (a) (4); *Price v. State*, 269 Ga. 222, 224 (2) (498 SE2d 262) (1998); *Eason v. State*, 260 Ga. 445, 446 (396 SE2d 492) (1990). *Dean v. State*, cited by the majority, is likewise inapplicable. 267 Ga. 306, 307 (477 SE2d 573) (1996) (defendant permitted to subpoena results of urine test in prosecution for driving under the influence).

4

(1986) (trial court erred in quashing defendant's subpoena duces tecum to obtain bank records of alleged perpetrator, to demonstrate alleged perpetrator's stream of income as a drug trafficker, where defendant claimed alleged perpetrator committed murder at issue); *Buford v. State*, 158 Ga. App. 763 (282 SE2d 134) (1981) (trial court erred in quashing defendant's subpoena to federal agency for telephone records to substantiate claim he was an informant in lawful possession of drugs).[3]  Finally, Gregg could subpoena employees of the pharmacy as part of her defense at trial. What remains is Gregg's attempt to subpoena tax records from the pharmacy which are neither relevant nor permitted by OCGA § 16-17-1 *et seq*.  No such general discovery right exists under Georgia criminal procedure, see *Lucious*, 271 Ga. at 364 (4), and the trial court did not abuse its discretion by denying Gregg's attempt to secure the tax information from the pharmacy.

In sum, because it has not been shown that the information Gregg seeks is relevant or included within the discovery permitted by OCGA § 17-16-4, the trial court did not abuse its discretion in denying Gregg's motion to compel and effectively

---

[3] In addition, see *Hodges v. State*, 229 Ga. App. 475, 476 (494 SE2d 223) (1997) (in both *Henderson* and *Walker*, supra, where trial courts erred in quashing subpoenas, "there was direct evidence of [another] person's involvement in the crime"). Consistent with *Hodges*, those circumstances are not present in this case.

5

quashing Gregg's subpoena duces tecum. See *Lucious*, 271 Ga. at 364 (2) (b); *Bazemore*, 244 Ga. App. at 463; *Tuttle*, 232 Ga. App. at 532-533; *Plante*, 203 Ga. App. at 34 (1); *Jones v. State*, 135 Ga. App. 893, 895 (1) (219 SE2d 585) (1975). Therefore, I respectfully dissent.

I am authorized to state that Judge Boggs and Judge Branch join in this dissent.