McFadden, Judge.
We granted Sharon Diane Gregg’s application for interlocutory appeal challenging an order entered by the Superior Court of Walker County denying her pretrial motion to compel concerning a subpoena duces tecum. Because the subpoena sought evidence relevant to Gregg’s sole defense, the trial court erred in denying the motion and we therefore reverse.
A Walker County prosecuting attorney entered an accusation against Gregg for one count of theft by taking (OCGA § 16-8-2). The state alleged that Gregg, a pharmacy employee, repeatedly removed currency from the pharmacy’s cash register for her personal benefit. Gregg contends that the owner of the pharmacy instructed her to remove funds from the cash register in order to pay visiting pharmacists and to conduct other business of the pharmacy, including the purchase of employee lunches. As part of her defense, Gregg issued a subpoenas duces tecum that sought
any and all federal and state tax records for [the pharmacy] indicating employees; FICA; copies of W-2’s for all employees; 1099 forms for pharmacists and clerks; any and all papers for reconciliation of cash register accounting; lists of employees by salary, hourly and accounting of all cash disbursements for the payment of pharmacists and employees; [and] accounting for all cash not deposited or accounted for with federal and state tax authorities.
The state moved to quash this subpoena, and the trial court held a hearing at which the production of Internal Revenue Form 1099 records was discussed. The trial court took the issue of the production of 1099 forms under advisement.
Subsequently, Gregg issued another subpoena duces tecum that *834 sought
[documents listing any and all employees, both “on books” and “off books,” at [the pharmacy] for the years 2009 and 2010; any and all full names and addresses of any individual paid as a taxed employee and any and all full names and addresses of any individual paid in cash.
Following a partial response to this subpoena, Gregg filed a motion to compel compliance with it. The trial court denied Gregg’s motion.
In her sole enumeration of error, Gregg argues that the trial court erred in denying her motion to compel compliance with the subpoena duces tecum “for limited and specific federal tax records.” In particular, Gregg seeks Internal Revenue Form 1099 records from 2009 and 2010 for current and former employees of the pharmacy: (1) to demonstrate “the volume of the amounts that were needed to pay the several cash-paid employees, in order to support the volume of cash from the register” used to conduct the pharmacy’s business; and (2) “to thoroughly cross examine the [pharmacy owner] to support the critical point of her only defense” — that she was instructed to take funds from the register for the operation of the pharmacy.
“As a general rule, we review the denial of a motion to compel discovery only for an abuse of discretion.” Lovell v. Ga. Trust Bank, 318 Ga. App. 860, 862 (1) (734 SE2d 847) (2012). We find such an abuse here.
There is no generalized right of discovery in criminal cases. See State v. Lucious, 271 Ga. 361, 364 (4) (518 SE2d 677) (1999). Through OCGA § 17-16-1 et seq., Georgia codified procedures that “provide[ ] a comprehensive scheme of reciprocal discovery in criminal felony cases,” id. at 362 (1) (emphasis supplied) — in other words, procedures addressing discovery between the defendant and the state. The dissent would have those procedures also define the scope of discovery sought through a subpoena duces tecum to a third party. “It does not follow, however, that a defendant who elects to have [the reciprocal discovery procedures] apply thereby waives the right to use means of discovery that are otherwise available to any party, such as the subpoena power.” Walker v. State, 323 Ga. App. 558, 568 (2) (747 SE2d 51) (2013), rev’d on other grounds, State v. Walker, 295 Ga. 888 (764 SE2d 804) (2014). In such instance, the state “may move to quash the subpoena, as it did in this case.” Id. The motion to quash serves to prevent a criminal defendant from using a subpoena duces tecum as an instrument of general discovery against a third party; it is the tool to stop the defendant using a subpoena to “search through the [third party’s] records in hopes of obtaining information which might *835 possibly impeach [a witness’s] credibility.” Plante v. State, 203 Ga. App. 33, 34 (1) (416 SE2d 316) (1992).
“When a motion to quash [a subpoena] is filed, the party serving the subpoena has the initial burden of showing the documents sought are relevant.” Bazemore v. State, 244 Ga. App. 460 (1) (535 SE2d 830) (2000). Where the evidence sought in a subpoena duces tecum is demonstrably relevant and material to the defense, it is error for a trial court to quash the subpoena. See Henderson v. State, 255 Ga. 687, 689-690 (2) (341 SE2d 439) (1986); Buford v. State, 158 Ga. App. 763, 767 (1) (282 SE2d 134) (1981). See generally Dean v. State, 267 Ga. 306, 307 (477 SE2d 573) (1996) (“The constitutional right to compulsory process includes the right to present all material evidence to establish a defense.”) (citation omitted).
Gregg met her burden of showing the relevance of the evidence sought in the subpoena. She demonstrated that she sought the documents not just for use in cross-examining the pharmacy owner, but also to prove the volume of cash that the pharmacy used to pay its cash-based employees. The fact that the pharmacy needed a certain amount of cash to pay its cash-paid employees directly pertains to Gregg’s sole defense — her claim that she took cash out of the register at her employer’s direction to pay those employees and other expenses. Evidence of the volume of cash used to pay those employees is relevant to that defense. See Henderson, 255 Ga. at 689 (1); see also OCGA § 24-4-401 (“ ‘relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence”). The trial court therefore erred in denying Gregg’s motion to compel a response to her subpoena seeking this relevant evidence. Henderson, 255 Ga. at 689-690 (2).

Judgment reversed.

Barnes, P. J., and Doyle, P. J., concur. Ray, J., concurs in judgment only. Andrews, P. J., Boggs and Branch, JJ., dissent.