# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0507.  ARMONI J. T. WARREN v. THE STATE.**

On July 26, 2018, Armoni J. T. Warren pleaded guilty to armed robbery and was sentenced to twenty years, to serve ten in confinement and the remainder on probation. On July 29, 2019, he filed a motion to correct a void sentence, arguing that the armed robbery statute is unconstitutional because it does not contain an enacting clause. The trial court denied the motion, and Warren appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Warren filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Warren does not challenge the validity of his sentence, which fell within

the applicable statutory range. See OCGA § 16-8-41 (b) (armed robbery may be punished by a sentence of life imprisonment or a term of ten to twenty years). Instead, he argues that the armed robbery statute is unconstitutional because it does not contain an enacting clause on its face. This is a challenge to the validity of Warren's conviction, not his sentence, and therefore does not present a colorable void-sentence claim. In any event, the challenge is meritless, as "the Official Code of Georgia included an enacting clause when it was adopted by the legislature." *Spencer v. State*, 286 Ga. 483, 483 (4) (689 SE2d 823) (2010) (citing OCGA § 1-1-1).

Because Warren failed to raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  10/25/2019*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*