319 Ga. 526
FINAL COPY

S24A0131. MASSEY v. THE STATE.

ORDER OF THE COURT.

The trial court's order is vacated and the case remanded to the trial court for reconsideration in the light of *United States v. Rahimi*, 602 U. S. ___ (144 SCt 1889, 219 LE2d 351) (2024).

*All the Justices concur, except Ellington, McMillian, LaGrua, and Colvin, JJ., who dissent.*

LAGRUA, Justice, dissenting.

While I respect my colleagues' decision, I must respectfully dissent. This appeal asks a critical question: whether the Second Amendment to the United States Constitution permits a state to prohibit someone who has committed a violent felony from possessing firearms during the pendency of a first-offender sentence. See OCGA § 16-11-131 (b). We are remanding this case back to the trial court to consider the United States Supreme Court's recent decision in *United States v. Rahimi*, 602 U. S. ___ (144 SCt 1889,

219 LE2d 351) (2024). But I do not believe that *Rahimi* gives any better guidance in this case than the Supreme Court's previous Second Amendment decisions in *New York State Rifle & Pistol Assn. v. Bruen*, 597 U. S. 1 (142 SCt 2111, 213 LE2d 387) (2022) and *District of Columbia v. Heller*, 554 U. S. 570 (128 SCt 2783, 171 LE2d 637) (2008). The trial court relied on both cases in its order denying Appellant's demurrer as well as on this Court's opinion in *Spencer v. State*, 286 Ga. 483, 484 (5) (689 SE2d 823) (2010) (holding that prohibiting a defendant from possessing a firearm as a condition of probation does not violate the Second Amendment and citing *Heller*'s declaration that "'longstanding prohibitions on the possession of firearms by felons' are not in doubt." (citing *Heller*, 554 U. S. at 626 (III)). Looking to the facts of this case, I find that *Rahimi* would not undercut the trial court's order. Rather, *Rahimi* likely supports the idea that the legislature may disarm those who have committed violent crimes like Appellant. See *Rahimi*, 603 U. S. at ___ (II) (B) (3) ("[T]he surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of

2

physical violence to another, the threatening individual may be disarmed."); id. at ___ (II) (B) (3) (repeating *Heller*'s declaration that felon-in-possession is "presumptively lawful"); id. at ___ (II) (B) (3) ("we do not suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by categories of persons thought by a legislature to present a special danger of misuse"); id. at ___ (Barrett, J., concurring) (citing her dissent in *Kanter v. Barr*, 919 F3d 437, 451 (7th Cir. 2019), where she explained that "[h]istory is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns").

The United States Supreme Court has cautioned that vacating and remanding a case without issuing an opinion is inappropriate when the "delay and further cost entailed in a remand are not justified by the potential benefits of further consideration by the lower court." *Lawrence v. Chater*, 516 U.S. 163, 168 (116 SCt 604, 133 LE2d 545) (1996) (per curiam). And I am concerned that the benefits of remanding this case are far outweighed by the delay and

costs. More guidance from the Supreme Court may be forthcoming, but the governing law as it stands now is sufficient to address Appellant's claim and (in my opinion) affirm the trial court's order. For these reasons, I respectfully dissent.

I am authorized to state that Justice Ellington, Justice McMillian, and Justice Colvin join in this dissent.

Ordered June 27, 2024 — Reconsideration denied July 11, 2024.

Firearm possession. Crisp Superior Court. Before Judge Chasteen.

*Rockefeller Law Center, A. James Rockefeller*, for appellant.

*Bradford L. Rigby, District Attorney, Lauren W. Fletcher, Assistant District Attorney; Christopher M. Carr, Attorney General, Beth A. Burton, Deputy Attorney General, Meghan H. Hill, Clint C. Malcolm, Senior Assistant Attorneys General*, for appellee.

*John R. Monroe; Mazie L. Guertin, V. Natasha Perdew Silas, Hunter J. Rodgers, Matthew P. Cavedon; Peter J. Skandalakis, Robert W. Smith, Jr.; Stephen J. Petrany, Solicitor-General, Ross W. Bergethon, Deputy Solicitor-General*, amici curiae.